UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JASON T. STEVENS | ) |
| | ) CIVIL NO. 05-193-B-S |
| v. | ) CRIMINAL NO. 00-86-B-S |
| | ) |
| UNITED STATES OF AMERICA | ) |

**Recommended Decision**

Jason T. Stevens, has filed with this Court a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, U.S.C., Section 2255. On August 10, 2001, Stevens was sentenced to twenty-seven months imprisonment upon his conviction for false or fraudulent claims in violation of 18 U.S.C. § 287, the sentence to be served consecutively to a sentence imposed by this court on May 9, 1999. Stevens appealed and the Court of Appeals returned its mandate dismissing the appeal on October 30, 2001. On July 9, 2004, Stevens filed, in the underlying criminal matter, a Federal Rule of Criminal Procedure 35 motion to reduce his sentence, citing the United States Supreme Court's decision Blakely v. Washington, 542 U.S. 296 (2004) as the basis for his motion. This court denied his motion on October 13, 2004, with the following endorsement order: "Blakely is not retroactive. Denied."

Undaunted by the initial rebuff, Stevens has now filed this motion alleging that his constitutional rights were violated because the sentencing judge relied upon facts not charged in the indictment or found by a jury. Apparently Stevens believes somehow the legal landscape on this issue as it relates to his case has changed because of the Supreme Court's United States v. Booker, 543 U.S. 220 (2005).

He is incorrect in his assessment.

In the aftermath of Booker, the First Circuit "held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." United States v. Fraser, 407 F.3d 9, 11 (1st Cir.2005)(citing Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir.2005)). See also id. ("[W]e have said there is nothing fundamentally unfair in the use of judge-made findings of fact." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir.2005) ."). All the other circuits are in accord. See United States v. Gentry, __ F.3d __, __ & n.4, 2005 WL 3317891, *6 & n.4 (5th Cir. 2005); United States v. Morris, 429 F.3d 65 (4th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005);  Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 610 (3d Cir.2005); United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir.2005); Guzman v. United States, 404 F.3d 139, 142 (2d Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005)(per curiam); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005).

## CONCLUSION

Based upon the foregoing I recommend that the court summarily **DENY** Stevens's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A

responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/Margaret J. Kravchuk
U. S. Magistrate Judge

Dated this 16th day of December, 2005.